**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00178-CDS-NJK |
| Plaintiff, | |
| vs. | ORDER |
| | (Docket No. 98) |
| VERMON KRIS TURNER, RAYSHAWN LEON TINNER, EBONI MARKESHA TINNER, | |
| Defendants. | |

Pending before the Court is the Government's motion for protective order, which it filed on an emergency basis.  Docket No. 98.  For the reasons discussed below, the motion is **DENIED** without prejudice.

First, the motion contains no legal authority of any kind, in violation of LCR 47-1.[1]

Second, the motion seeks to designate <u>all</u> information disclosed by the Government in this case as protected information.  Docket No. 98 at 2 ("the government requests that the Court enter a protective order limiting the disclosure of *any* reports, statements, recordings, *or other information provided by the government in discovery*" (emphasis added)).  The motion does not explain why every piece of information revealed by the Government in this case should be subject to a protective order.

---

[1] The Court takes very seriously a contention that discovery is being used to intimidate or threaten the safety of a witness, which is the gist of the motion.  *See* Docket No. 98 at 1-2.  But it is the Government, not the Court, that must justify obtaining the relief sought.  The Court declines to undertake the task of crafting arguments supported by legal authority on behalf of the Government.

Third, and relatedly, the Government appears to seek protection for information that has already been revealed through discovery.  The motion does not explain why retroactive designation is appropriate.  The motion also does not explain how the Court can effectively prohibit persons from "view[ing]" protected information if they already possess it and may not be under the Court's purview in this case.[2]

Accordingly, the motion for protective order is **DENIED** without prejudice.  The Government must renew its motion for protective order addressing the above concerns by noon on March 27, 2024.  The renewed motion must include well-developed argument with citation to legal authority.  Any responses must be filed by noon on March 28, 2024.[3]  Any reply must be filed by 6:00 p.m. on March 28, 2024.  The Court **SETS** a hearing on the renewed motion for 11:00 a.m. on March 29, 2024, in Courtroom 3C.

IT IS SO ORDERED.

DATED: March 26, 2024.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court expresses no opinion herein on the issues identified.  The Court identifies the issues, instead, so that they may be addressed by the Government in the renewed motion.

[3] Counsel are reminded that the response deadline set herein governs regardless of any automatically-generated CMECF notices that may be to the contrary.  Local Rule IC 3-1(d).